1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    ROBERT MCCREE,                          Case No.  12-cv-04127-JST

              Plaintiff,
8                                            **ORDER GRANTING MOTION FOR**
                                             **JUDGMENT ON THE PLEADINGS**
9        v.
                                             Re: ECF No. 25
10   STATE OF CALIFORNIA DEPARTMENT
     OF CONSERVATION, et al.,

11            Defendants.

12           In this employment discrimination suit between Plaintiff Robert McCree and Defendants

13   the California Department of Conservation ("Department"), Thomas Gibbs, and Theresa Green,

14   Defendants move for judgment on the pleadings.  For the reasons set forth below, the motion will

15   be granted, but Plaintiff will be given leave to amend some claims.

16   **I.      BACKGROUND**

17           Plaintiff was hired as the equal employment opportunity (EEO) officer for the California

18   Department of Conservation in September 2010.[1]  Compl. ¶ 13.  His duties included ensuring the

19   Department was in compliance with state and federal discrimination laws.  Id.  Defendant Gibbs

20   was the Deputy Director of the Department, employed at the Department's Sacramento office.  Id.

21   ¶ 8.  Defendant Green was the Chief of the Employee Relations Office at the Department, also

22   employed at the Sacramento office.  Id. ¶ 9.

23           From August 2011 to October 2011, Gibbs stripped Plaintiff of certain "salient" duties as

24   EEO Officer and "unilaterally gave them to Defendant Green."  Id. ¶¶ 24–25.  Plaintiff alleges that

25

26   ───────────────
     [1] The Court accepts the allegations of the Complaint as true for the purpose of resolving this Rule
27   12(c) motion.  See Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); infra, §
     III (discussing Rule 12(c) legal standards).
28

Gibbs acted in violation of California Government Code section 19795(a), which states, in relevant part: "The appointing power of each state agency and the director of each state department shall appoint, at the managerial level, an equal employment opportunity officer, who shall report directly to, and be under the supervision of, the director of the department, to develop, implement, coordinate, and monitor the agency's equal employment opportunity program." According to Plaintiff, Green was not "qualified nor hired to oversee Plaintiff's duties" as EEO Officer. Id. ¶ 25. "Additionally, Plaintiff no longer had authority over his staff, was excluded from the management team meetings, and his duties and the schedule of his staff were restructured without his input." Id.

In October 2011, Plaintiff "was subjected to workplace violence" that is not otherwise relevant here. Id. ¶ 14. Plaintiff was instructed by Defendant Gibbs to report to his office for a "one-on-one" meeting. Id. However, Defendants Green and Gibbs both attended that meeting due to the above-described restructuring. Id. ¶ 15. Gibbs stated at the outset of the meeting: "This is going to be a different one-on-one meeting, let me start off by saying that I am very disappointed in you as EEO Officer, and I don't trust you. You have totally lost my trust in you and when that happens, I don't know if you'll ever get that back." Id. ¶ 16. Gibbs criticized Plaintiff McCree, his work, and his ethics. Id. ¶ 17–18. According to Plaintiff, Gibbs told him that he had prayed for Plaintiff, and that he had gone through counseling because of him. Id. ¶ 18.

Plaintiff alleges that Gibbs' statements and actions "were violent in nature, and are clear evidence of a hostile work environment in which Plaintiff could not fulfill his duties effectively." Id. ¶ 20. Plaintiff developed "serious trepidation attending" the weekly meetings with Gibbs and Green and suffered from increased stress levels and hypertension. Id.

On or about October 21, 2011, Plaintiff requested information from Green "regarding the reportability of his position given the recent restructuring." Id. ¶ 21. According to Plaintiff, Green told him he was Plaintiff's direct supervisor, which Plaintiff believes is unlawful. Id. Following that discussion, Plaintiff was instructed not to attend on- or off-site "association or member meetings" without approval; previously, prior approval had not been required. Id. ¶ 22. Plaintiff was also removed from the bi-monthly Executive Staff Meetings "until further notice

1  from Defendant Green." Id. ¶ 23.

2       Plaintiff took an early retirement on December 5, 2011. Id. ¶ 26. He alleges that he retired

3  because he was constructively discharged. Id. ¶ 26. In particular, Plaintiff alleges that he was

4  constructively discharged: (1) in retaliation for Plaintiff "requesting further information on the

5  restructuring of the Equal Employment Office, and the removal of his managerial duties in

6  contradiction to California statute," which he says constituted a protected activity, id. ¶¶ 25, 27;

7  and (2) on the basis of Plaintiff's age, sex, and disability, id. ¶¶ 27, 32–33.

8       Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC)

9  in which he claimed discrimination based upon his age, sex and disability. On May 10, 2012, the

10  EEOC issued a notice of right-to-sue letter. Compl., Ex A. Plaintiff then filed this case.

11  **II.**     **REQUEST FOR JUDICIAL NOTICE**

12       Although a court's review on a motion to dismiss[2] is generally limited to the allegations in

13  the complaint, Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), courts may properly

14  take judicial notice of material attached to the complaint and of matters in the public record

15  pursuant to Federal Rule of Evidence 201(b). See, e.g., Castillo-Villagra v. INS, 972 F.2d 1017,

16  1026 (9th Cir. 1992). The "incorporation by reference" doctrine applies when a "plaintiff's claim

17  depends on the contents of a document, the defendant attaches the document to its motion to

18  dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff

19  does not explicitly allege the contents of that document in the complaint." Knievel v. ESPN, 393

20  F.3d 1068, 1076 (9th Cir. 2005). A court may thus take judicial notice of matters of public record

21  without converting a motion to dismiss into a motion for summary judgment, but it may not take

22  judicial notice of a fact that is subject to reasonable dispute. Lee v. City of Los Angeles, 250 F.3d

23  at 689. A court "shall take judicial notice if requested by a party and supplied with the necessary

24  information." Fed. R. Evid. 201(d). See Sato v. Wachovia Mortg., FSB, No. 11-cv-00810-EJD,

25  2011 WL 2784567, at *2 (N.D. Cal. July 13, 2011).

26  

27     [2] The Court evaluates requests for judicial notice in conjunction with a Rule 12(c) motion for judgment on the pleadings as it would in conjunction with a Rule 12(b)(6) motion to dismiss. See infra § III (discussing Rule 12(c) legal standards).

28

With their motion, Defendants request that the Court take judicial notice of documents pertaining to Plaintiff's EEOC proceedings.  Def.s' RJN, ECF No. 26, Ex. A at 2.  The documents are public agency records, they are incorporated by reference into Plaintiff's Complaint, and Plaintiff does not dispute their authenticity.  The Court therefore GRANTS Defendants' request for judicial notice of Plaintiff's EEOC Complaint and related documents.

## III.    LEGAL STANDARDS

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  Analysis under Rule 12(c) motions for judgment on the pleadings is "substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy."  Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) (quotation omitted).

On a Rule 12(b)(6) motion to dismiss, the court accepts the material facts alleged in the complaint, together with reasonable inferences to be drawn from those facts, as true.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  To be entitled to the presumption of truth, a complaint's allegations "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), reh'g den'd 659 F.3d 850 (9th Cir. 2011), cert. den'd, ___ U.S. ____, 132 S.Ct. 2101 (2012).

In addition, to survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

United States District Court
Northern District of California

1

## IV.     ANALYSIS

The claims in Plaintiff's Complaint are not as clearly described as they might be, to the point that they do not put Defendant on sufficient notice.  Plaintiff refers to federal and state "civil rights laws" and other statutes, often without enumeration, and Plaintiff's opposition to this motion does not clarify matters.  Reading the Complaint generously,[3] the Court finds that Plaintiff asserts the following potential common law causes of action:  (1) wrongful termination; (2) harassment; and (3) intentional infliction of emotional distress.  Plaintiff asserts the following potential statutory causes of action: (4) age discrimination in violation of the Age Discrimination in Employment Act; (5) age discrimination in violation of Title VII; (6) disability discrimination in violation of the Civil Rights Act; (7) age discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (8) retaliation based on disability in violation of FEHA; (9) harassment in violation of FEHA; (10) failure to prevent discrimination in violation of FEHA (against the Department only); and (11) violation of the California Unfair Competition Law.  In addition, the Complaint asserts two potential contract claims for (12) breach of contract and (13) breach of the implied covenant of good faith and fair dealing against the Department.  Plaintiff also argues in his opposition that his Complaint asserts claims for racial discrimination in violation of Title VII and the Civil Rights Act, even though the Complaint does not contain any reference to Plaintiff's race or racial discrimination.

Defendants move for judgment on the pleadings on nearly all of Plaintiff's claims, and, as to Defendant Gibbs, because Plaintiff failed to substitute a new defendant following the filing of a suggestion of death.

### A.     Defendant Gibbs

Federal Rule of Civil Procedure 25(a)(1) provides: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may

---

[3] In any future, amended complaint, Plaintiff shall clearly separate each claim, *i.e.*, discrimination on the basis of age, discrimination on the basis of sex, etc., and clearly state the statutory basis for each claim not grounded on the common law.

be made by any party or by the decedent's successor or representative." However, if no such motion is made within ninety days of service of a statement noting the death, "the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).

Defendants move to dismiss Defendant Gibbs with prejudice because no motion for substitution was filed within ninety days of the filing of Defendants' Suggestion of Death on November 8, 2012, ECF No. 9. Plaintiff responds: "Plaintiff has yet to receive a statement of death from Defendant regarding the demise of Defendant Gibbs. Therefore, Plaintiff may still file a motion requesting substitution of party to name the estate of Defendant Gibbs, and Defendant's motion should be overruled." ECF No. 28 p. 5.

Rule 25(a)(3) provides that service of a statement of death "must be served on the parties as provided in Rule 5." Fed. R. Civ. P. 25(a)(3). Rule 5, in turn, authorizes service of a paper by "sending it by electronic means if the person consented in writing — in which event service is complete upon transmission." Fed. R. Civ. P. 5(b)(2)(E). "If a local rule so authorizes, a party may use the court's transmission facilities to make service" by electronic means. Fed. R. Civ. P. 5(b)(3).

Plaintiff McCree's counsel registered to use the Court's Electronic Case Filing ("ECF") system, and Attorney Porrino has filed several documents in this action using the ECF system, including the opposition to Defendants' instant motion, as well as a certificate of service of the summons, which was filed prior to the suggestion of death. ECF No. 7 (Oct. 9, 2012).

The suggestion of death was filed November 8, 2012, at 3:59 p.m., and the Notice of Electronic Filing demonstrates that it was served on three of Plaintiff's counsel's e-mail addresses. Further, it has been available publicly on the Court's electronic docket since the date it was filed. Plaintiff does not provide any reason to question whether Plaintiff's counsel received the Notice of Electronic Filing, and the deadline to file a motion for substitution passed nearly nine months ago.[4] To date, Plaintiff has not filed a motion to substitute Defendant Green. As required by Rule

---

[4] Not only did the deadline to file a motion for substitution pass nearly nine months ago, but more than ninety days passed again from the date of filing of Defendants' Motion, on May 16, 2013.

25(a)(1), Plaintiff's claims against Defendant Gibbs are hereby DISMISSED with prejudice.

### B.    State Common Law Claims

California law is very clear that "except as otherwise provided by statute" public entities are not subject to liability for tortious injuries caused by a "public entity or a public employee or any other person." Cal. Gov. Code § 815. Government liability in California can only be based on statutes that specifically allow for it, not on common law. See, e.g., Miklosy v. Regents of Univ. of Cal., 44 Cal. 4th 876, 899 (2008); Zelig v. Cnty. of Los Angeles, 27 Cal. 4th 1112, 1127 (2002). Plaintiff brings multiple common law claims, each of which is addressed below.

#### 1.    Wrongful Termination

Plaintiff alleges he was wrongfully terminated by the Department. Plaintiff retired in December 2011, after taking a period of medical leave. Compl. ¶¶ 26, 31. He alleges, however, that he was constructively discharged, amounting to wrongful termination. Defendants argue that California state employees may not assert claims for wrongful termination in violation of public policy against a public entity.

Multiple California courts, citing Government Code section 815, have recognized the futility of so-called Tameny claims,[5] like the ones Plaintiff asserts here. See Miklosy, 44 Cal. 4th at 900 ("[S]ection 815 bars Tameny actions against public entities"); Ross v. San Francisco Bay Area Rapid Transit Dist., 146 Cal. App. 4th 1507, 1514 (2007). Nor can such claims be brought against an individual. "[A] Tameny action for wrongful discharge can only be asserted against an employer. An individual who is not an employer cannot commit the tort of wrongful discharge in violation of public policy." Miklosy, 44 Cal. 4th at 900 (original emphasis); see also Reno v. Baird, 18 Cal. 4th 640, 663 (1998) (holding employee "may not sue [her supervisor] individually for wrongful discharge in violation of public policy").

---

[5] In Tameny v. Atlantic Richfield Co., 27 Cal. 3d 167 (1980), the California Supreme Court held that an employee who was allegedly fired because he refused to participate in an illegal scheme to fix the price of gasoline could maintain a tort action for wrongful discharge against his employer.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Plaintiff's wrongful termination claim against all Defendants is DISMISSED with

2    prejudice.

3         **2.    Harassment**

4         There are six elements to a common law harassment claim: (1) "a knowing and willful

5    course of conduct"; (2) "directed at a specific person"; (3) "which seriously alarms, annoys, or

6    harasses the person"; (4) "which serves no legitimate purpose"; (5) which would and actually does

7    "cause a reasonable person to suffer substantial emotional distress"; and (6) which is not a

8    "[c]onstitutionally protected activity." Schild v. Rubin, 232 Cal. App. 3d 755, 762 (1991).

9         As discussed above, public entities in California are immune from tort liability unless

10   otherwise provided for by statute. See Cal. Gov. Code § 815; Miklosy, 44 Cal. 4th at 899.

11        With regard to Defendant Green, the Complaint fails to allege facts "specifically

12   connecting [Green] to the alleged" harassment. Brennan v. Concord EFS, Inc., 369 F. Supp. 2d

13   1127, 1136 (N.D. Cal. 2005).

14        Plaintiff's claim for common law harassment against the Department is DISMISSED with

15   prejudice. Plaintiff's claim for common law harassment against Defendant Green is DISMISSED

16   with leave to amend.

17        **3.    Intentional Infliction of Emotional Distress**

18        There are four elements to a claim for intentional infliction of emotional distress: (1)

19   outrageous conduct; (2) intent by the defendant to cause emotional distress, or reckless disregard

20   for the possibility that its conduct will cause emotional distress; (3) the plaintiff's suffering of

21   severe emotional distress; and (4) the defendant's conduct as the actual or proximate cause of the

22   emotional distress. Hughes v. Pair, 46 Cal. 4th 1035, 1050 (2009).

23        The Department of Conservation is immune from liability for common law claims of

24   intentional infliction of emotional distress for the reasons stated above. With regard to Defendant

25   Green, the Complaint fails to allege facts specifically connecting her to the alleged intentional

26   infliction of emotional distress.

27        Plaintiff's claim for intentional infliction of emotional distress against Defendant Green is

28   DISMISSED with leave to amend. Plaintiff's claim for intentional infliction of emotional distress

against the Department is DISMISSED with prejudice.

### C.    Federal Discrimination Claims

The third cause of action has the subheading "Age Discrimination," but Plaintiff does not actually link his age discrimination claim to a particular statute.  The cover page lists three statutes: the Civil Rights Act, 42 U.S.C. § 1981a; Title VII, 42 U.S.C. § 2000e, *et seq.*; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–34.  Defendants move for judgment as a matter of law on those claims because either the statutes do not cover the type of discrimination Plaintiff has alleged, or because the Department has sovereign immunity under the Eleventh Amendment.

Turning first to the doctrine of sovereign immunity, there are only two circumstances in which an individual may sue a state.  First, Congress can authorize such a suit "in the exercise of its power to enforce the Fourteenth Amendment."  Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999).  Second, the state may waive its sovereign immunity by consenting to suit.  Id.  Absent either of those circumstances, the sovereign immunity enjoyed by states prior to entering the Union remains in effect.  Id.

For Congress to abrogate state sovereign immunity pursuant to the Fourteenth Amendment, it must both (1) unequivocally express its intent to do so, and (2) act pursuant to a valid exercise of its power.  Id.; Seminole Tribe of Florida v. Florida, 517 U.S. 44, 55 (1996).

Sovereign immunity applies to states as well as arms of the state, and it is uncontested that the Department of Conservation is an arm of the State of California.  Northern Ins. Co. of New York v. Chatham County, Ga., 547 U.S. 189, 193 (2006); Compl. ¶ 7.  Suits against state officials in their official capacity are treated as suits against the state itself; if the suit against the state is barred by sovereign immunity, so too is the suit against the state official.  Hafer v. Melo, 502 U.S. 21, 25 (1991).

The Court now turns to each of the potential bases for Plaintiff's age discrimination claim.

### 1.    ADEA (Age Discrimination)

The first potential basis is the ADEA.  In Kimel v. Florida Bd. of Regents, 528 U.S. 62 (2000), the Supreme Court held that "in the ADEA, Congress did not validly abrogate the States'

sovereign immunity to suits by private individuals." Id. at 91.  Plaintiff does not dispute that his claims against Defendants for violation of the ADEA are therefore barred, as those claims are asserted against a state agency and state employees in their official capacity.  Plaintiff's ADEA claim is therefore DISMISSED with prejudice.

### 2.    Title VII (Age Discrimination)

The next potential basis cited by Plaintiff is Title VII.[6]  Defendants correctly argue that Plaintiff's Title VII age discrimination claim must be dismissed because Title VII does not extend to age discrimination.  42 U.S.C. § 2000e-2(a) ("It shall be an unlawful employment practice for an employer (1) to . . . discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin.").

Plaintiff's Title VII age discrimination claim is DISMISSED with prejudice.  Plaintiff may have leave to amend his complaint to allege a sex discrimination claim as to Defendant Green, but not as to the Department.

### 3.    Civil Rights Act (Disability Discrimination)

The Complaint makes reference to the fact that Plaintiff has a disability and implies that his disability was another basis for the alleged discriminatory conduct.  Id. ¶¶ 32, 33.  But the Complaint falls short of stating a claim based on disability discrimination, as Plaintiff concedes in requesting leave to amend.  See Opp. at 6.

---

[6] In his opposition to the motion, Plaintiff argues that his Complaint also alleges discrimination on the basis of sex in violation of Title VII.  Plaintiff's Complaint does include stray sentences to that effect, Compl. ¶¶ 2, 27, but in light of the listed causes of action and the overall context of the Complaint, those sentences are inadequate to state a claim.

Even if Plaintiff had adequately pleaded a Title VII sex discrimination claim, it could be asserted only against the Department, not the individual Defendants.  See Pink v. Modoc Indian Health Project, 157 F.3d 1185, 1189 (9th Cir. 1998) ("civil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee").

The Court will grant Plaintiff leave to bring a claim for sex discrimination against the Department only.

United States District Court
Northern District of California

-10-

1    Plaintiff's claims for disability discrimination against the Department and Defendant

2    Green in violation of the Civil Rights Act are DISMISSED with leave to amend.[7]

3    **D.    California Fair Employment and Housing Act Claims**

4    Plaintiff brings a number of claims under California's Fair Employment and Housing Act

5    ("FEHA"), Cal. Gov. Code § 12900, *et seq.*  FEHA is California's principal law banning

6    employment discrimination, and it prohibits discrimination in the workplace on the basis of race,

7    sex, gender, and disability, among other classifications.  Cal. Gov. Code § 12940(a).  Plaintiff

8    asserts four FEHA claims against Defendants: age discrimination (section 12940(a)); retaliation

9    based on disability (section 12940(h)); harassment (section 12940(j)); and failure to prevent

10   discrimination (section 12940(k)), only as to the Department.[8]  Defendants seek judgment on the

11   pleadings for all of the FEHA claims with respect to the individual Defendants.

12   **1.    Discrimination**

13   The California Supreme Court has long held that individual supervisors may not be held

14   liable for discriminatory conduct under FEHA.  <u>Reno</u>, 18 Cal. 4th at 663.  In <u>Reno</u>, the California

15   Supreme Court held that the California legislature, in passing FEHA, did not intend to hold

16   individual employees liable, despite defining the term employer to include any person acting as an

17

18   ─────────────────────

19   [7] There is a possibility that Plaintiff's disability claims under Section 1981a are barred by the
     Eleventh Amendment.  To the extent that Plaintiff alleges discriminatory conduct that violates the
20   Fourteenth Amendment, his suit would not be barred.  <u>See</u> <u>U.S. v. Georgia</u>, 546 U.S. 151, 158
     (2006) ("[N]o one doubts that § 5 (of the Fourteenth Amendment) grants Congress the power to
21   'enforce ... the provisions' of the Amendment by creating private remedies against the States for
     *actual* violations of those provisions.").  But if Plaintiff alleges something short of a Fourteenth
22   Amendment violation, sovereign immunity likely bars the claim.  <u>Board of Trustees of the Univ.</u>
     <u>of Ala. v. Garrettt</u>, 531 U.S. 356 (2001) (holding that states had Eleventh Amendment immunity
23   from suits brought under Title I of the Americans with Disabilities Act because Congress was
     seeking to remedy conduct that it had not sufficiently shown to be a violation of the Fourteenth
24   Amendment).

25   The Court will refrain from evaluating whether Plaintiff is alleging discrimination that violates the
     Fourteenth Amendment until Plaintiff has the opportunity to amend his complaint with more facts.
26

27   [8] The Court is attaching FEHA as a statutory basis to each of these claims, even though the
     statutory basis is not clear from the Complaint.

28

1  agent of an employer. Id. at 645. Rather, the legislature simply intended to ensure that employers

2  could be held liable for the discriminatory conduct of their supervisory employees. Id. at 655.

3       Plaintiff's FEHA discrimination claim against Defendant Green is therefore DISMISSED

4  with prejudice.

5               **2.      Retaliation**

6       FEHA retaliation claims may not be asserted against individual defendants. Jones v.

7  Lodge at Torrey Pines Partnership, 42 Cal. 4th 1158, 1173 (2008) ("[W]e conclude that the

8  employer is liable for retaliation under section 12940, subdivision (h), but nonemployer

9  individuals are not personally liable for their role in that retaliation.").

10      Plaintiff's FEHA retaliation claim against Defendant Green is therefore DISMISSED with

11  prejudice.

12               **3.      Harassment**

13      Plaintiff's ninth cause of action is styled "Harassment," but it does not specify whether he

14  is bringing a FEHA claim under section 12940 or a common law claim. The Court interprets the

15  Complaint as bringing a claim on each basis. See supra, § IV.B.2.

16      As to the statutory claim, Defendants are incorrect in arguing that individuals may not be

17  held liable for harassment under FEHA. Unlike the FEHA sections addressing discrimination and

18  retaliation, the section banning harassment explicitly states that "[a]n employee of an entity

19  subject to this subdivision is personally liable for any harassment prohibited by this section that is

20  perpetrated by the employee." Cal. Gov. Code § 12940(j)(3). "Harassment is not conduct . . .

21  necessary for management of the employer's business or performance of the supervisory

22  employee's job." Reno, 18 Cal. 4th at 645–46. Accordingly, Plaintiff may sue both the

23  Department and Defendant Green personally.

24      However, Defendants correctly argue that all claims against Defendant Green are defective

25  because they fail to plead facts with the requisite specificity. The Complaint discusses Defendant

26  Gibbs' conduct at length, but barely addresses Defendant Green's involvement in the allegedly

27  unlawful conduct. Plaintiff's FEHA harassment claim is therefore DISMISSED with leave to

28  amend as to Defendant Green.

United States District Court
Northern District of California

### 4. Failure to Prevent Discrimination

Plaintiff brings a cause of action against the Department alone for failure to prevent discrimination in violation of FEHA section 12940(k).  Defendants do not seek judgment on the pleadings for that claim.

### E. Unfair Competition Law

Plaintiff alleges that he faced discrimination at the Department that qualifies as a type of "unlawful, unfair or fraudulent business act" prohibited under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*.  Defendants argue that the UCL does not extend liability to public entities.

California law is very clear that government liability in California can only be based on statutes that specifically allow for it.  Cal. Gov. Code § 815; <u>Miklosy</u>, 44 Cal. 4th at 899; <u>Zelig</u>, 27 Cal. 4th at 1127.  While Plaintiff's UCL claim is based on a statutory duty, that statute does not allow for governmental liability.  "Nowhere in the Unfair Competition Act is there a provision imposing governmental liability for violations of the act.  Because there is no statute making public entities liable under the UCA, the general rule of governmental immunity must prevail." <u>Trinkle v. California State Lottery</u>, 71 Cal. App. 4th 1198, 1202 (1999) (discussing UCL). Plaintiff's claim against the Department is therefore barred by California Government Code section 815.

As for Plaintiff's UCL claim against Defendant Green, because Plaintiff's UCL claim is based on the same conduct alleged in the rest of the Complaint, it fails for the same reasons the underlying claims fail.  Plaintiff's UCL claim against the Department is DISMISSED with prejudice, and his claim against Defendant Green is DISMISSED with leave to amend.

### F. Contract Claims

Employment with the state of California is regulated by statute, and is not a contractual relationship.  "[I]t is well settled in California that public employment is not held by contract but by statute and that, insofar as the duration of such employment is concerned, no employee has a vested contractual right to continue in employment beyond the time or contrary to the terms and conditions fixed by law." <u>Miller v. State of California</u>, 18 Cal. 3d 808, 813 (1977).  This also

precludes Plaintiff from bringing a claim of breach of covenant of good faith and fair dealing. Shoemaker v. Myers, 52 Cal. 3d 1, 24 (1990). Plaintiff does not dispute that he may not bring contract claims against the Department arising out of a constructive discharge. Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing are therefore DISMISSED with prejudice.

### G.      Leave to Amend to Add Race Discrimination Claims

The Complaint does not allege race discrimination. In opposition to the instant motion, Plaintiff argues for the first time that he was the victim of discrimination based on his race, and seeks leave to amend the Complaint to assert the new claim. Defendants oppose the request on the grounds that Plaintiff failed first to exhaust his administrative remedies with respect to his race discrimination claims.

In order for a plaintiff asserting workplace discrimination claims to establish federal subject matter jurisdiction he must have first exhausted the remedies available through the EEOC. Sosa v. Hiraoka, 920 F.2d 1451, 1456 (9th Cir. 1990). The administrative exhaustion requirement is satisfied if Plaintiff is making allegations "within the scope of the EEOC's *actual* investigation or . . . which *can reasonably be expected* to grow out of the charge of discrimination." E.E.O.C. v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994) (emphasis in original). Allegations of discrimination in the complaint must be "like and reasonably related to" the allegations of the EEOC charge. Id. Where a plaintiff seeks to add claims based of theories of discrimination never investigated by the EEOC, the "like and reasonably related to" test is not satisfied. Shah v. Mt. Zion Hosp. & Med. Ctr., 642 F.2d 268, 272 (9th Cir. 1981).

Plaintiff's EEOC complaint alleges discrimination on the basis of sex, age, and disability, but not race. The EEOC did not investigate any allegations of race discrimination, and Plaintiff's allegations of discrimination based on sex, age, and disability could not reasonably have been expected to trigger such an investigation. See id. Thus, Plaintiff could not satisfy the requirement that he have exhausted his administrative remedies with respect to his race discrimination claims.

For this reason, and because the Court concludes that the proposed amendment would be futile, Sylvia Landfield Trust v. City of Los Angeles, 729 F.3d 1189, 1196 (9th Cir. 2013),

United States District Court
Northern District of California

1    Plaintiff's request to amend his complaint to include allegations of race discrimination is

2    DENIED.

3    **V.      CONCLUSION**

4    For the foregoing reasons, the Court orders as follows:

5         1.      Defendant Gibbs is DISMISSED from this action with prejudice.

6         2.      Plaintiff's common law claims for wrongful termination, harassment, and

7    intentional infliction of emotional distress against the Department are DISMISSED with prejudice.

8         3.      Plaintiff's common law claim for wrongful termination against Defendant Green is

9    DISMISSED with prejudice.  Plaintiff's common law claims for harassment and intentional

10   infliction of emotional distress against Defendant Green are DISMISSED with leave to amend.

11        4.      Plaintiff's ADEA claim is DISMISSED with prejudice.

12        5.      Plaintiff's Title VII age discrimination claim against all Defendants is DISMISSED

13   with prejudice.

14        6.      Plaintiff has leave to amend his complaint to allege discrimination on the basis of

15   sex in violation of Title VII as to the Department only.

16        7.      Plaintiff has leave to amend his complaint to more clearly allege claims for

17   disability discrimination against the Department and Defendant Green in violation of the Civil

18   Rights Act.

19        8.      Plaintiff's FEHA discrimination and retaliation claims against Defendant Green are

20   DISMISSED with prejudice.  Plaintiff's FEHA harassment claim against Defendant Green is

21   DISMISED with leave to amend.  Plaintiff's FEHA discrimination, retaliation, harassment, and

22   failure to prevent discrimination claims against the Department are not subjects of Defendants'

23   Motion for Judgment on the Pleadings and are not affected by this Order.

24        9.      Plaintiff's UCL claim against the Department is DISMISSED with prejudice.

25   Plaintiff's UCL claim against Defendant Green is DISMISSED with leave to amend.

26        10.      Plaintiff's contract claims against all Defendants are DISMISSED with prejudice.

27        11.      Plaintiff's request to amend the Complaint to assert claims for discrimination based

28   on race is DENIED.

United States District Court
Northern District of California

12.     Any amendment to the Complaint shall be filed within thirty days from the date of this Order.

**IT IS SO ORDERED**.

Dated: November 4, 2013



_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

-16-