UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCCREE,<br>    Plaintiff,<br>    v.<br>STATE OF CALIFORNIA DEPARTMENT OF CONSERVATION, et al.,<br>    Defendants. | Case No. 12-cv-04127-JST<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br>Re: ECF No. 36 |

Before the Court is Defendants' motion for summary judgment, ECF No. 36. The Court will grant the motion and enter summary judgment in Defendants' favor.

## I.  BACKGROUND

Plaintiff Robert McCree filed this action on August 6, 2012, asserting several employment discrimination claims against the California Department of Conservation, Robert Gibbs, and Theresa Green. The Court previously granted in part and denied in part Defendants' motion for judgment on the pleadings. Order, ECF No. 32. In its Order, the Court noted that the complaint had not clearly described Plaintiff's claims, and concluded that Plaintiff had asserted the following causes of action: (1) wrongful termination; (2) harassment; (3) intentional infliction of emotional distress; (4) age discrimination in violation of the Age Discrimination in Employment Act (ADEA); (5) age discrimination in violation of Title VII; (6) disability discrimination in violation of the Civil Rights Act; (7) age discrimination in violation of the California Fair Employment and Housing Act (FEHA); (8) retaliation based on disability in violation of FEHA; (9) harassment in violation of FEHA; (10) failure to prevent discrimination in violation of FEHA (against the Department only); (11) violation of the California Unfair Competition Law (UCL); (12) breach of contract (against the Department only); and (13) breach of the implied covenant of good faith and fair dealing (against the Department only). Id. at 5.

The Court previously dismissed Defendant Gibbs and a number of causes of action. Plaintiff's operative First Amended Complaint, ECF No. 32, asserts three causes of action: (1) violation of FEHA, against all Defendants, (2) failure to prevent discrimination, against the Department, and (3) harassment, against Defendant Green.  It appears that Plaintiff intends to assert discrimination, harassment, and retaliation claims under FEHA, though his claims have not been separately identified.  Although Plaintiff has previously suggested he might be alleging discrimination based on age, sex, race, and/or disability,[1] nowhere in the First Amended Complaint does Plaintiff specify what type of discrimination he alleges occurred in violation of FEHA.  To the extent Plaintiff alleges disability discrimination, no disability has been alleged. Plaintiff's age also cannot be discerned from his allegations.

The body of the eight-page First Amended Complaint alleges that Plaintiff was hired as the EEO Officer for the Department on September 7, 2010.  FAC ¶ 7.  Defendant Theresa Green is the Chief of Employee Relations Office at the Department.  Id. ¶ 5.  Plaintiff alleges that he was "subjected to harassment" by unspecified "fellow employees prior to and subsequent to serveral [sic] one-on-one meetings with his then supervisor Thomas Gibbs."  Id. ¶ 8.  According to Plaintiff, he was informed by Defendants Green that he had been removed from the bi-monthly Executive Staff Meetings on October 21, 2011; Green was not Plaintiff's supervisor.  Id. ¶ 10. Plaintiff alleges that after that date, he began to report to Green, in violation of California Government Code section 19795(a), which states, in relevant part: "The appointing power of each state agency and the director of each state department shall appoint, at the managerial level, an equal employment opportunity officer, who shall report directly to, and be under the supervision of, the director of the department, to develop, implement, coordinate, and monitor the agency's equal employment opportunity program."  Plaintiff alleges in vague terms that he was "discriminated against, subjected to a hostile work environment, and retaliated against for

---

[1] See, e.g., ECF No. 28 at 4 ("This discrimination was conducted on the basis of Plaintiff's age in violation of Title VII of 1964 Civil Rights Act and Employment Act of 1967, as amended. Furthermore, Plaintiff was discriminated against on the basis of sex in violation of Title VII of 1964 Civil Rights Act as amended."); id. at 5-6  ("Plaintiff has not only pled age and race discrimination, but he has alleged disability discrimination which may be barred by statute.").

2

1   engaging in a protected activity of improper department restructuring." Id. ¶ 12. Plaintiff alleges
2   that Green and others called him a liar, that his performance was questioned, and that Gibbs said
3   to him: "You might want to talk with your wife about whether or not this job is for you," and "I
4   have gone to counseling because of you." Id. ¶ 18. Finally, the third cause of action alleges that
5   the basis of the harassment claim is that Green told Plaintiff that he would report directly to Green,
6   usurping his authority to manage EEO employees. Id. ¶¶ 31–35.

7   In response to Defendants' motion for summary judgment, ECF No. 36, Plaintiff's counsel
8   filed three documents on the Court's electronic case filing system on March 20 and 21, 2014, at
9   ECF Nos. 42, 43, and 44. ECF No. 42's title (as reflected on the Court's electronic docket)
10  indicates that it is a response to the motion for summary judgment. The document is entirely
11  composed of characters that are not part of the alphabet. The body of what might have been
12  intended as the concluding paragraph of the opposition, for example, reads as follows:

> ⁊⇨▽⇨⇔ ⇧⇔ ◀↑⇨ ⇨←⇧△⇨⇩⇨⇔◀⇩⇧⇔⇨⇔⇧ ◀↑⇨
> ⇝⇧▶△◀ ▽↑⇧▶↙⇨ ⇨⇨⇔◢ ◀↑⇨ ⇩⇧◀⇩⇧⇔ ←⇧△ ▽
> ▶⇩⇩⇨△◢ ↙▶⇨→⇩⇨◀ ⇧△ ↙⇔ ◀↑⇨ ⇨↙◀⇨△⇔⇨
> ◀⇩◁⇨ ▽▶⇩⇩⇨△◢ ⇨⇔↙▶⇔↙⇨⇨◀⇩⇧⇔⇧ ⇨▽ ◀△↙
> ⇨⇔↙⇨ ↙▽▽▶⇨▽ ⇧← ⇩⇨◀⇨△↙⇩↙ ←⇨⇨◀ ⇨▲↙
> ▽◀ ⇨▽ ◀⇧ ⇂↙⇨↙⇔◀↙←←→▽ ⇨↙⇨↙⇩▽ ←⇧△ ⁊
> △⇨⇨⇨↑ ⇧← ⇝⇧⇔◀△⇨⇨◀⇩ ⁊△⇨⇨⇨↑ ⇧← ◀↑⇨
> ⇶↙▲↙↙⇨⇨ ⇝⇧◁⇨⇔⇨⇨◀ ⇧← ⇞⇧⇧⇨ ⇝⇨↙◀↑⇩ ⇂▶
> ⇔↙◀◁⇨ ⇝⇨↙↙→⇨▽⇩ ⇨⇔⇨ ⇩⇧↙⇨◀⇩⇧⇔ ⇧← ◀↑
> ⇨ ↙⇔△▶↑ ⇝⇨◀↘

19  ECF Nos. 43 and 44 purport to be declarations in support of the opposition, but both are
20  composed of similar, illegible characters. In violation of the Court's Standing Order for All Civil
21  Cases, and the Civil Local Rules, the Court never received courtesy copies of the documents.
22  In response, Defendants filed an objection to the opposition documents based on their
23  illegibility and also because they were untimely. ECF No. 45. Plaintiff's counsel is registered as
24  an ECF user, and the Court's Notices of Electronic Filing indicate that counsel received electronic
25  service of the documents they filed, as well as Defendants' objections to them. Defendants also
26  filed a reply in support of their motion. ECF No. 46. Plaintiff has not filed anything further since
27  the filing of his illegible documents.
28

United States District Court
Northern District of California

## II. LEGAL STANDARDS

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986). A dispute is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, and material only if the fact may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986). The court must draw all reasonable inferences in the light most favorable to the non-moving party. Johnson v. Rancho Santiago Cmty. Coll. Dist., 623 F.3d 1011, 1018 (9th Cir. 2010). However, unsupported conjecture or conclusory statements do not create a genuine dispute as to material fact and will not defeat summary judgment. Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1103 (9th Cir. 2008).

If the moving party does not satisfy its initial burden, then the non-moving party has no obligation to produce anything, and summary judgment must be denied. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102–03 (9th Cir. 2000). If, however, the moving party satisfies its initial burden of production, then the non-moving party must produce admissible evidence to show there is a genuine dispute of material fact. Id.

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). If a party fails to support an assertion of fact, the court may "(1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or (4) issue any other appropriate order." Fed. R. Civ. P. 56(e).

"Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." Fed. R. Civ. P. 56(e), Adv. Comm. Notes, 1963 Amend. The moving party's evidentiary burden cannot be abrogated by the opposing party's failure to respond; the moving

1  party must affirmatively establish its entitlement to summary judgment.  See Martinez v. Stanford,
2  323 F.3d 1178, 1183 (9th Cir. 2003) (quoting Fed. R. Civ. P. 56(a)).  However, if the motion is
3  unopposed, all properly supported facts asserted by Defendants are considered as undisputed for
4  purposes of the motion.  Fed. R. Civ. P. 56(e)(2).

### III.  ANALYSIS

In the Court's prior Order granting in part Defendants' motion for judgment on the pleadings, in discussing the lack of clarity in Plaintiff's original complaint, the Court ordered as follows: "In any future, amended complaint, Plaintiff shall clearly separate each claim, *i.e.*, discrimination on the basis of age, discrimination on the basis of sex, etc., and clearly state the statutory basis for each claim not grounded on the common law."  ECF No. 32 at 5 n.3.  Plaintiff's First Amended Complaint ("FAC") does not comply with this order.  The FAC does not identify which protected characteristic Plaintiff alleges was the basis of Defendants' allegedly adverse employment actions taken against him.  Nor does Plaintiff separate his FEHA claims, instead grouping them into one cause of action that may be read as combining claims for discrimination, harassment, and retaliation.  Plaintiff's failure to abide by the Court's Order makes it difficult for the Court and Defendants to respond to Plaintiff's allegations.

In addition, Plaintiff has failed to state a claim upon which relief can be granted; even if the claims were adequately stated, he has failed to submit any evidence in response to Defendants' motion for summary judgment to support his claims.

####    A.  FEHA
#####       1.  Discrimination

In the absence of direct evidence of discrimination, to establish a prima facie case of employment discrimination, a plaintiff must establish that "(1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive."  Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 355 (2000).

To establish a prima facie case of disability discrimination, the plaintiff must establish that

1  he suffered from a disability, that he could perform the essential duties of the job, and that he was
2  subjected to an adverse employment action because of the disability.  See Green v. California, 42
3  Cal. 4th 254, 262 (2007); Brundage v. Hahn, 57 Cal. App. 4th 228, 236 (1997).  Plaintiff has not
4  alleged, nor presented any evidence, that he suffers from a disability.  The Court finds there is no
5  genuine issue of material fact concerning Plaintiff's claims based in any part on disability
6  discrimination warranting denial of summary judgment.

7  To establish a prima facie case of age discrimination, Plaintiff must establish that he is
8  over forty years of age.  Cal. Gov't Code § 12926.  If no reduction-in-force program was in effect,
9  in the absence of any other evidence of discrimination, the plaintiff must also establish that he was
10 replaced by a younger worker.  Hersant v. California Dept. of Social Services, 57 Cal. 4th 997,
11 1002–1003 (1997).  Here, Plaintiff has not alleged his age, but Defendants appear to concede that
12 he is over forty years of age.  However, there is no evidence in the record that Plaintiff was
13 replaced by a younger worker, nor any other evidence of discriminatory motive.  In fact, at his
14 deposition, Plaintiff could not identify any incidents of age discrimination; he testified instead that
15 his allegation of age discrimination stemmed from a "feeling that I had" that Defendant Green had
16 discriminated against him.  Chen Decl. ISO MSJ, ECF No. 37, Ex. A, McCree Dep. at 111:14.  In
17 the absence of any evidence to support his claim, the Court finds that there is no genuine issue of
18 material fact concerning Plaintiff's claims based in any part on age discrimination warranting
19 denial of summary judgment.

20 In its prior Order, the Court concluded that Plaintiff had not alleged sex discrimination, but
21 Plaintiff testified at his deposition that he contends he was discriminated against because he is
22 male.  Even if a sex discrimination claim is asserted in the First Amended Complaint (and there
23 are no allegations to that effect), there is no evidence to support it.

24 To establish a prima facie case of sex discrimination, Plaintiff must establish either direct
25 evidence of discrimination, or satisfy the circumstantial test discussed above — he must establish
26 that he is a member of a protected class, that he was performing competently in his position, that
27 he suffered an adverse employment action, and that some other circumstance suggests
28 discriminatory motive.  See Guz, 24 Cal. 4th at 355.  At his deposition, Plaintiff testified that the

1  department restructuring was the adverse employment action of which he complains, because
2  Defendant Green was promoted to oversee him. He identified a single incident which he believes
3  links his gender to the departmental restructuring decision: Plaintiff claimed that Defendant Green
4  said to him "Oh, you're just a man," once, in June 2011. See McCree Dep. at 79–99. According
5  to Plaintiff, Defendant Green, who was not his supervisor at the time, made the comment in
6  response to a "point" he made regarding the restructuring. Plaintiff testified that "this was done in
7  a jocular manner. She was laughing it off. I didn't take that as being something that's of a serious
8  nature from one supervisor to the other supervisor and some person who either has authority or
9  has a voice of authority saying to another supervisor." Id. at 80:15–21. Plaintiff could not recall
10 the circumstances of the conversation, what Plaintiff had said regarding restructuring, or any other
11 details concerning the incident. There is no other evidence in the record concerning Green's use
12 of the phrase.[2]

Even if Green did, in fact, say "Oh, you're just a man," the lack of evidence concerning the context in which the sentence was uttered, the fact that Green was not a decision-maker, and the lack of any other evidence supporting Plaintiff's sex discrimination case leads the Court to conclude that Plaintiff has failed to establish his prima facie case. See Price Waterhouse v. Hopkins, 490 U.S. 228, 277, 109 S. Ct. 1775, 1804-05, 104 L. Ed. 2d 268 (1989) (O'Connor, J. concurring) ("statements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process itself" insufficient to establish prima facie case); Guthrey v. State of California, 63 Cal. App. 4th 1108, 1118 (1998) ("The mere fact Lucas is a female and plaintiff a male does not give rise to the inference that her alleged aggressive conduct was motivated by a desire to discriminate on the basis of gender."). Considering the evidence in the light most favorable to Plaintiff, and considering the "totality of circumstances" concerning Plaintiff's sex discrimination claim, the Court concludes that Plaintiff's evidence is "too weak to raise a rational inference that discrimination occurred." Reid v. Google, Inc., 50 Cal. 4th 512, 541 (2010) (quotation omitted).

Because Plaintiff has failed to raise a genuine issue of material fact concerning his FEHA

---

[2] Green denies ever making the comment, but for purposes of this motion the Court accepts Plaintiff's version of events.

7

1    discrimination claims based on disability, age, and sex, the Court will grant summary judgment on
2    those claims in Defendants' favor.[3]

### 2. Retaliation

In order to establish a prima facie case of FEHA retaliation, Plaintiff must show (1) that he engaged in a "protected activity," (2) that the Department subjected him to an adverse employment action, and (3) "a causal link existed between the protected activity and the employer's action." Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1042 (2005).

There is no evidence before the Court establishing, or even alleging, that Plaintiff engaged in protected activity. The FEHA makes it unlawful for "any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under [the FEHA] or because the person has filed a complaint, testified, or assisted in any proceeding under [the FEHA]." Cal. Gov't Code § 12940. Also, although Plaintiff need not prove that the conduct he complained about was actually unlawful, his belief that the conduct violated FEHA must be reasonable. Yanowitz, 36 Cal. 4th at 1043. As explained above, the Court concludes that no reasonable jury could find Plaintiff's belief that the restructuring was discriminatory was reasonable. Therefore, any complaint Plaintiff made about that restructuring was protected activity.

Even if Plaintiff's complaints were protected, however, Defendants would still be entitled to judgment on Plaintiff's retaliation claim, because Plaintiff has failed to identify any adverse employment action taken *in response to* Plaintiff's complaints. Plaintiff alleges that the restructuring was discriminatory, and that he complained of the restructuring because he felt it was discriminatory. But he fails to even to allege, much less provide evidence demonstrating, what adverse employment action flowed from his complaints.

For these reasons, the Court finds that Plaintiff has failed to raise a genuine issue of material fact concerning his FEHA retaliation claim, and the Court will grant summary judgment

---

[3] An independent reason for dismissal of Plaintiff's FEHA discrimination and retaliation claims against Defendant Green is that individuals cannot be held liable for FEHA discrimination or retaliation, as the Court previously held. See ECF No. 32 at 11–12.

1    on that claim in Defendants' favor.[4]

### 3. Harassment

The basis of Plaintiff's FEHA harassment claim, if one has been stated, is not clear.  The first cause of action mentions "berating and harassing Plaintiff about his work, accusing Plaintiff of 'bringing down the Department,' usurping Plaintiff's position and appointing Defendant Green as his immediate supervisor in violation of State law" as examples of *retaliation*, but it appears Plaintiff may also intend to state a harassment claim based on this alleged conduct.  See FAC ¶ 18.  Plaintiff also alleges that he was called a liar, though by whom he does not say, and that Thomas Gibbs told him: "You might want to talk with your wife about whether or not this job is for you," and that "I have gone to counseling because of you." Id.

Plaintiff also asserts a common law harassment claim as his third cause of action.  That claim identifies the following conduct as harassing: Green stated on October 21, 2011, that she was Plaintiff's direct supervisor; Green removed Plaintiff from his required EEO meeting duties and usurped his authority by managing Plaintiff's EEO employees; and Plaintiff was stripped of certain duties and responsibilities.  Id. ¶¶ 31–33.  Plaintiff alleges in conclusory form that, because of this conduct, "Plaintiff was harassed by Defendant Green, and subjected to a hostile working environment due to Defendant Greens' actions." Id. ¶ 34.

As an initial matter, the Court notes that, for purposes of the FEHA harassment claim, Plaintiff has failed to identify any harassment based on a protected characteristic.  Membership in a protected class, and harassment based on the protected characteristic, are prerequisites to a FEHA harassment claim.  Fisher v. San Pedro Peninsula Hosp., 214 Cal. App. 3d 590, 608 (1989).  It is not clear to the Court whether Plaintiff claims the alleged harassment stemmed from a disability,[5] Plaintiff's sex, or his age.  Plaintiff's harassment claim must fail for this independent reason.

Even if Plaintiff had adequately set forth the discriminatory basis for Defendants' conduct,

---

[4] As discussed *supra*, n.3, the retaliation claim must be dismissed as to Defendant Green for the independent reason that individual non-employers cannot be liable for FEHA retaliation.
[5] As the Court has discussed above, Plaintiff has not alleged that he suffers from a disability.

the Court finds as a matter of law that none of that conduct amounts to harassment in violation of FEHA.  Harassment "may be verbal, physical, or visual and 'communicates an offensive message to the harassed employee.'" Thompson v. City Of Monrovia, 186 Cal. App. 4th 860, 877 (2010) (quoting Roby v. McKesson Corp., 47 Cal. 4th 686, 706 (2009)).  "[H]arassment cannot be occasional, isolated, sporadic, or trivial[;] rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." Aguilar v. Avis Rent A Car Sys., Inc., 21 Cal. 4th 121, 131 (1999) (quotations and citations omitted).

The conduct alleged by Plaintiff does not rise to that level.  Defendants' personnel decisions cannot form the basis of Plaintiff's FEHA harassment claim because "'commonly necessary personnel management actions such as hiring and firing, job project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment.'" Thompson v. City Of Monrovia, 186 Cal. App. 4th 860, 879 (2010) (quoting Janken v. GM Hughes Electronics, 46 Cal. App. 4th 55, 64–65 (1996)).

Nor can Gibbs' isolated comments, or the vague allegation that Plaintiff was called a liar, unaccompanied by details of time, speaker, and place, support his FEHA harassment claim.  These allegations, even if taken as true, do not rise to the level of a "concerted pattern of harassment." Nor could a reasonable jury conclude, from the perspective of a reasonable person belonging to the relevant protected class, that the comments were "sufficiently severe or pervasive to alter the conditions of the [Plaintiff's] employment and create an abusive environment." Thompson, 186 Cal. App. 4th at 877.  Even if Plaintiff chose to assert his harassment claim based on the isolated incidents alone, a "few isolated incidents" can only support a FEHA harassment claim if they are "severe in the extreme." Hughes v. Pair, 46 Cal. 4th 1035, 1043 (2009).  Plaintiff has not made this showing.

In any case, though the Court has taken the allegations as true for purposes evaluating the FEHA harassment claim, Plaintiff has not adduced any evidence to support his allegations.  Finally, as noted above, Plaintiff has not linked any comments to a protected characteristic.

For these reasons, the Court finds that Plaintiff has failed to raise a genuine issue of material fact concerning his FEHA harassment claim, and the Court will grant summary judgment on that claim in Defendants' favor.

### B. Failure to Prevent Discrimination

In the absence of a viable FEHA discrimination claim, a FEHA failure to prevent discrimination claim will not lie. Trujillo v. N. Cnty. Transit Dist., 63 Cal. App. 4th 280, 284 (1998). Because the Court will grant summary judgment in favor of Defendants on Plaintiff's FEHA discrimination claim, the Court must also grant summary judgment in favor of Defendants on Plaintiff's second cause of action for failure to prevent discrimination.

### C. Harassment

Plaintiff's third cause of action is titled "harassment," and alleges that Plaintiff has subjected to a hostile work environment. California courts do not recognize a common law tort of harassment. Medix Ambulance Serv., Inc. v. Superior Court, 97 Cal. App. 4th 109, 118, 118 Cal. Rptr. 2d 249 (2002). The elements of the statutory cause of action evaluated by the Court in its prior Order (which Plaintiff has not alleged), are as follows: (1) "a knowing and willful course of conduct"; (2) "directed at a specific person"; (3) "which seriously alarms, annoys, or harasses the person"; (4) "which serves no legitimate purpose"; (5) which would and actually does "cause a reasonable person to suffer substantial emotional distress"; and (6) which is not a "[c]onstitutionally protected activity." Schild v. Rubin, 232 Cal. App. 3d 755, 762 (1991) (listing elements under Cal. Code Civ. Proc., § 527.6, which entitles victims of harassment to seeks a temporary restraining order and injunctive relief).

As the Court discussed in its previous Order dismissing Plaintiff's common law harassment claim, the Department is immune from tort liability unless otherwise provided for by statute. See Cal. Gov. Code § 815; Miklosy v. Regents of Univ. of Cal., 44 Cal. 4th 876, 899 (2008). The Court has discussed above the fatal deficiencies in Plaintiff's FEHA harassment claim against the Department, and Plaintiff has not identified any other statute that forms the basis of his third cause of action. Thus, even if a common law tort of harassment existed, the common law harassment claim against the Department must be dismissed.

As for Defendant Green, Plaintiff has not invoked California Code of Civil Procedure § 527.6, and no tort of harassment is recognized by California courts. Even if the statutory claim applies, Plaintiff has not adduced any evidence that Green's conduct "seriously alarm[ed], annoy[ed], or harasse[d]" Plaintiff, or that Plaintiff suffered "substantial emotional distress."

For these reasons, the Court will grant summary judgment in favor of Defendants on Plaintiff's third cause of action for harassment.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendants' motion for summary judgment in its entirety. Defendants shall submit a proposed form of judgment within thirty days from the date of this Order.

**IT IS SO ORDERED.**

Dated:  May 14, 2014

_____
JON S. TIGAR
United States District Judge